Jerry J. Jarzombek
THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
301 Commerce Street, Suite 2900
Fort Worth, Texas 76102
817-348-8325
817-348-8328 Facsimile
*jerryjj@airmail.net*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN A. GIBSON and<br>MARY E. WENDT,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERTS MARKEL WEINBERG BUTLER<br>HALEY, P.C.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br><br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL**<br><br><br>(Unlawful Debt Collection Practices) |

### Preliminary Statement

1.      Plaintiffs, John A. Gibson and Mary E. Wendy bring this action under the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), as well as under the Texas Debt

Collection Act, Texas Finance Code § 392.001, et seq. ("TDCA") and the Texas Deceptive Trade

Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory

damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendant's

violations of the FDCPA, the TDCA,  and the DTPA.

2.      Defendant, Roberts Markel Weinberg Butler Hailey, P.C. ("RMWBH") attempted to

collect a consumer debt allegedly owed by Plaintiffs, arising from a purported obligation to

Lakeridge Home Owners Association.  The obligation ("Debt") required Plaintiffs to pay money arising out of transactions in which money, property, insurance or services were the subject thereof, and the same were primarily for personal, family, or household purposes.  Specifically, the alleged debt arose from an alleged default of an account with Lakeridge Home Owners Association, which consisted of past due, unpaid assessments, collection costs, interest, and RWMBH attorney fees.  The Debt arises from a homeowners' association which imposes obligations upon the Plaintiffs (and others) for non-business purposes.

### Jurisdiction and Venue

3.      Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of supplemental jurisdiction for the TDCA and DTPA claims pursuant to 28 U.S.C. § 1367.

4.      Venue in the Western District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendant transacts business here.

### Parties

5.      Plaintiffs are each a citizen of the State of Texas.  Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3) and Texas Finance Code § 392.001(1).

6.      Defendant, Roberts Markel Weinberg Butler Hailey, P.C. is a Texas corporation engaged in the business of collecting consumer debts in the Western District of Texas, with its mailing address at 2800 Post Oak Blvd., 57th floor, Houston, Texas 77056-6138.  The principal purpose of RMWBH's business is the collection of consumer debts which are alleged to be in default. RMWBH is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6).  RMWBH is also a "third-party debt collector" as defined by TEX. FIN. CODE §

392.001(7).  RMWBH may be served through its registered agent, Gregg S. Weinberg, at 2800 Post

Oak Blvd., 57th floor, Houston, Texas 77056.

**Factual Allegations**

7.      On March 6, 2019, RMWBH mailed a collection letter to both Plaintiffs.  A true and

correct copy of the collection letter is attached hereto as Exhibit A.

8.      The March 6th collection letter contained the following demand regarding payment:

"Demand is hereby made for payment of the Amount Due ($892.00) within
thirty (30) days of the date you receive this letter."

*See* Exhibit A.

9.      Following the demand for payment, and at the bottom of the first page of the

collection letter, was a portion of the validation notice required by the Fair Debt Collection Practices

Act.

10.      The remainder of the FDCPA notice was on the top of the second page and stated:

"If you fail to dispute the debt within thirty (30) days after the date you
receive this letter, we will assume the debt is valid. This letter is being sent in
an attempt to collect a debt and any information obtained will be used for that
purpose."

*See* Exhibit A.

11.      Also on the second page, but after the balance of the FDCPA notice, the collection

letter stated the following with regard to payment:

"If you fail to make a payment in full to our office within the time specified,
or fail other payment arrangements acceptable to the Association, further
legal action will be taken which will result in additional attorney fees and
costs being incurred by the Association for which reimbursement will be
sought."

*See* Exhibit A.

12.     The warning to the Plaintiffs as to the consequences for failing to make a payment within thirty days after receiving the collection letter contradicts the language in the letter explaining the Plaintiffs' validation rights under the FDCPA, which allows Plaintiffs thirty days in which to dispute the debt and request verification.

13.     The demand that payment (or payment arrangements) be made in the same time allowed to dispute the debt and request verification impermissibly shortens the validation period to less than what is prescribed under the law.  *See Chauncey v. JDR Recovery Corp.,* 118 F.3d 516, 518 (7th Cir. 1997). If Plaintiffs are required to make payment of the Amount Due within thirty days of their receipt of the collection letter lest they risk further consequences, the validation notice is rendered meaningless. To avail themselves of their rights under the FDCPA, Plaintiffs would have to dispute the debt and request verification in a shorter period of time than the law allows. The injury the Plaintiffs have suffered is being the target of misleading debt collection communications.

14.     On April 25, 2019, RMWBH mailed a collection letter to both Plaintiffs.  A true and correct copy of the collection letter is attached hereto as Exhibit B.

15.     The April 25th collection letter was titled "Final Demand Letter" and "Notice of Intent to Foreclose" and contained the following demand for payment:

> "Demand is hereby made for payment of the Amount Due ($1,350.70) within fifteen (15) days from the date of this letter."

*See* Exhibit B.

16.     The increased demand is based on increased interest charges and  "Assoc. Collection Costs" of $40 and increase of $416 in "Collection Attorney Fees," presumably for the presentation of the "Final Demand Letter" and "Notice of Intent to Foreclose."

17.     "The ... injury required by Article III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.' " *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 578, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quoting *Warth v. Seldin,* 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); see also *Massachusetts v. E.P.A.,* 549 U.S. 497, 516, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007) ("Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before." (quoting *Lujan,* 504 U.S. at 580, 112 S.Ct. 2130 (Kennedy, J., concurring in part and concurring in the judgment))). In cases involving statutory rights, "the particular statute and the rights it conveys [ ] guide the standing determination." *Donoghue v. Bulldog Investors Gen. P'ship,* 696 F.3d 170, 178 (2d Cir.2012); see also *Hammer v. Sam's East, Inc.,* 754 F.3d 492, 498 & n. 3, 2014 WL 2524534, at *4 & n. 3 (8th Cir. June 5, 2014) (noting that "the actual-injury requirement may be satisfied solely by the invasion of a legal right that Congress created"); *Robey v. Shapiro, Marianos & Cejda, L.L.C.,* 434 F.3d 1208, 1212 (10th Cir.2006) (where a court is "dealing with legal rights created by Congress under the FDCPA ... the 'injury in fact' analysis for purposes of Article III is directly linked to the question of whether [the plaintiff] has suffered a cognizable statutory injury").

18.     In cases involving a variety of other federal statutes, courts regularly have held that the absence of pecuniary loss is no bar to Article III standing, if the plaintiff has alleged a violation of the rights conferred by statute. *See, e.g., Hammer,* 754 F.3d at 497–99, 2014 WL 2524534, at *3–4 (action under Fair and Accurate Credit Transactions Act); *Donoghue,* 696 F.3d at 174–80 (action under section 16(b) of Securities Exchange Act); *Robey,* 434 F.3d at 1211–12 (action under FDCPA); *DeMando v. Morris,* 206 F.3d 1300, 1303 (9th Cir.2000) (action under Truth in Lending Act).

19.     The foregoing acts and omissions as described above were undertaken by a representative, employee and/or agent of RMWBH, acting within the course and scope of their employment at all times relevant to this matter.

20.     The foregoing acts and omissions of the Defendant were undertaken by it willfully, intentionally, knowingly, and/or in gross disregard for the rights of the Plaintiffs.

21.     The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of its regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiffs.

## First Claim for Relief

22.     The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the a. following:

a.     In violation of 15 U.S.C. § 1692e(2)(a), 15 U.S.C. § 1692e(10) and the "least sophisticated consumer standard", the Defendant used objectively false representations and/or false, deceptive or misleading representations or means in connection with the collection of a consumer debt.  Defendant misrepresented the validation rights that exist for Plaintiffs by requiring payment or a payment arrangement be made in the same or a shorter period of time that is allowed for Plaintiffs to seek validation of the debt claimed by Defendant.

b.     In violation of 15 U.S.C. § 1692(e)(5) and the "least sophisticated consumer" standard, the Defendant threatened to take an action (and actually took such an action) which cannot legally be taken or that is not intended to be taken.  Such actions include misrepresenting the validation rights that exist for Plaintiffs by requiring payment or a payment arrangement be made in the same or a shorter period of time that is allowed for Plaintiffs to seek validation of the debt claimed by Defendant.

c.     In violation of 15 U.S.C. § 1692(f)(1) the Defendant's addition of $456 to the previous balance for the preparation of transmission of a form collection letter is an unfair and unconscionable fee, incidental to the principal obligation.

d.     In violation of 15 U.S.C. § 1692g(a) and the "least sophisticated consumer standard," the Defendant did not effectively convey the 15 U.S.C. § 1692g validation notice.  The collection letter contained a demand for payment or a payment arrangement "within the time specified" which was thirty days from the date the collection letter was received, which would impermissibly shorten the time period allowed for Plaintiffs to dispute and seek verification of the debt.  Such conduct:

1.     Contradicts or overshadows the validation notice required or given.

2.     Implies to a least sophisticated consumer there is no such period.

3.     Impermissibly detracts from the validation rights stated later in the notice.

d.     Confuses the true nature of an individual's validation rights.

23.     Under 15 USC § 1692k, the Defendant's violations of the FDCPA render it liable to Plaintiffs for statutory damages, actual damages, costs, and reasonable attorney's fees.

## Second Claim for Relief

24.     The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

The Defendant's violations of the TDCA include, but are not limited to the following:

a.     In violation of TEX. FIN. CODE § 392.301(a)(8), Defendant threatened to take (and/or did take) an action prohibited by law.

b.     In violation of TEX. FIN. CODE § 392.303(a)(2), Defendant attempted to collect an unconscionable or unfair fee incidental to the principal obligation, by adding $456 for sending a collection letter.

c.     In violation of TEX. FIN. CODE § 392.304(a)(19), Defendant used false representations and deceptive means to collect a consumer debt.

25.     Under TEX. FIN. CODE ANN. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiffs for actual damages, statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### Third Claim for Relief

26.     The Plaintiffs repeat, reallege and incorporate by reference the foregoing paragraphs.

   a.     Pursuant to TEX. FIN. CODE ANN. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

27.     Under TEX. BUS. & COM. CODE ANN. § 17.50(b)(2), the Defendant's violations of the DTPA render it liable to Plaintiffs for injunctive relief, and reasonable attorney's fees. Specifically, Plaintiffs seek to enjoin Defendant from making false representations as to the validation rights of consumers throughout the state of Texas.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1.     Declare that Defendant's actions violate the FDCPA, the TDCA and the DPTA.

2.     Enjoin the Defendant's actions which violate the TDCA and the DTPA.

3.     Enter judgment in favor of Plaintiffs and against Defendant for actual damages, statutory damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or TEX. FIN. CODE ANN. § 392.403 and/or TEX. BUS. & COM. CODE § 17.50(d).

4.     Grant such further relief as deemed just.

                    Respectfully submitted,

                    /s/ Jerry J. Jarzombek
                    Jerry J. Jarzombek
                    Texas Bar No. 10589050
                    THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
                    301 Commerce Street, Suite 2900
                    Fort Worth, Texas 76102
                    817-348-8325
                    817-348-8328 Facsimile
                    jerryjj@airmail.net
                    ATTORNEY FOR PLAINTIFFS

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury in this action.

Respectfully submitted,

*/s/ Jerry J. Jarzombek*
Jerry J. Jarzombek
Texas Bar No. 10589050
THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
301 Commerce Street, Suite 2900
Fort Worth, Texas 76102
817-348-8325
817-348-8328 Facsimile
jerryjj@airmail.net

ATTORNEY FOR PLAINTIFFS