THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN A. GIBSON AND MARY E. WENDT, § § § *Plaintiffs,* § § vs. § § ROBERTS MARKEL WEINBERG § BUTLER HAILEY, P.C., § § *Defendant.* § | | CAUSE NO. 5:19-CV-00449-OLG<br><br>JURY DEMAND |

**DEFENDANT'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

COMES NOW Defendant Roberts Markel Weinberg Butler Hailey PC ("RMWBH") and files its Traditional Motion for Summary Judgment ("Motion") regarding the claims brought by Plaintiffs John A. Gibson and Mary E. Wendt (collectively "Plaintiffs") and in support thereof shows the following:

### I.   SUMMARY OF THE ARGUMENT

Plaintiffs have filed claims against RMWBH alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), Texas Debt Collection Act ("TDCA"), and Texas Deceptive Trade Practices Act ("DTPA") related to a letter sent by RMWBH demanding payment from Plaintiffs for unpaid assessments owed to the Lakeridge Homeowners Association ("Letter").[1] Specifically, Plaintiffs are asserting that the

---

[1] *See* Plaintiffs' Complaint and Demand for Jury Trial, ("Petition"), currently on file with the Court.

Letter sent by RMWBH violated the FDCPA, TDCA, and DTPA because it "impermissibly shortens the validation period to less than what is proscribed by law."[2] Plaintiffs arguments regarding the FDCPA, TDCA, and DTPA are meritless because the language contained in the Letter does not actually violate any of those statutes as evidenced by Plaintiffs' own citation.[3] Additionally, Plaintiffs' claims under the FDCPA, TDCA, and DTPA must also fail because the debt which RMWBH was seeking to recover was not a consumer debt and, thus, those statutes are inapplicable.[4] For all these reasons, Plaintiffs' claims are without merit and RMWBH's Traditional Motion for Summary Judgment should be granted.

## II.  FACTUAL BACKGROUND

On March 6, 2019, RMWBH mailed the Letter to Plaintiffs which stated "Demand is hereby made for payment of the Amount Due ($892.00) within thirty (30) days of the date you receive this letter."[5] The Letter also included the validation notice language required by the FDCPA which reads, "[i]f you fail to dispute the debt within thirty (30) days after the date you receive this letter, we will assume the debt is valid. This letter is being sent in an attempt to collect a debt and any information obtained will be used for that purpose."[6]

---

[2] *Id.* at pg. 4.
[3] *See Chauncey v. JDR Recovery Corp.,* 118 F.3d 516, 519 (7th Cir. 1997).
[4] *See* 15 U.S.C.A. § 1692a (West). *See also* Tex. Fin. Code Ann. § 392.001; Tex. Prop. Code Ann. § 204.001; *Garcia v. Jenkins Babb, L.L.P.*, 569 Fed. Appx. 274, 276 (5th Cir. 2014).
[5] *See* Petition at pg. 3.
[6] *Id.*

### III.   ARGUMENTS & AUTHORITIES

Defendant is entitled to summary judgment because: (1) the request for payment "within 30 days" did not impermissibly shorten the statutory validation period and; (2) the FDCPA, TDCA, and DTPA are inapplicable to Plaintiffs' claims as the Letter was not seeking to collect a consumer debt.

### A.   The language in the Letter did not impermissibly shorten the validation period.

Plaintiffs claim in their Petition that RMWBH violated the FDCPA, TDCA, and DTPA, because the Letter sent by RMWBH contained a demand for payment "within 30 days of the date you receive this letter."[7] Plaintiffs allege that this language "contradicts the language in the Letter explaining the Plaintiffs' validation rights under the FDCPA, which allows Plaintiffs thirty days in which to dispute the debt and request verification."[8] In support of this proposition, Plaintiffs offer a single non-binding case from the 7th Circuit which actually contradicts rather than supports their argument.[9] Specifically, Plaintiffs cite to *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516 (7th Cir. 1997) in support of the statement in their petition that, "the demand that payment (or payment arrangements) be made in the same time allowed to dispute the debt and request verification impermissibly shortens the validation period to less than what is prescribed under the law."[10] Plaintiffs' arguments are without merit because that is not what the Court in *Chauncey* actually said.[11] What

---

[7] *See* Petition at pg. 3.
[8] *Id*. at pg 4.
[9] *Id. See also Chauncey v. JDR Recovery Corp.,* 118 F.3d 516, 519 (7th Cir. 1997).
[10] *Id*.
[11] *See Chauncey* 118 F.3d 516, 519.

the Court actually stated was that a collection letter which states that payment must be ***received*** within 30 days, contradicts the validation language required by § 1692g because that section does not have any corollary requirement that a request for validation be ***received*** within thirty days.[12] Stated differently, the Court found that the demand that payment be received within thirty days contradicted the validation notice because receipt of the payment within that time period would require the debtor to mail the payment prior to the thirty day deadline.[13] No such circumstances exist here as the Plaintiffs were requested to make a payment within thirty days, the same amount of time they had to dispute the debt and request verification.[14] Thus, because the Letter from RMWBH did not state that payment needed to be "received" within thirty days, the *Chauncery* case is distinguishable and Plaintiffs' arguments fail as a matter of law.[15]

Plaintiffs' arguments are further contradicted by the decisions of other Circuit Courts that have been asked to address this issue, including the Fifth Circuit.[16] Some

---

[12] *Id*.
[13] *Id*.
[14] *See* Petition at pg. 3.
[15] *Id*. *See also Chauncey* 118 F.3d 516, 519.
[16] *See Peter v. GC Services L.P.,* 310 F.3d 344, 350 (5th Cir. 2002)("Because the challenged language here did not demand payment in a specific time period shorter than 30 days, we conclude that the letter did not violate § 1692.") *See also Jacobson v. Healthcare Fin. Services, Inc.*, 516 F.3d 85, 92 (2d Cir. 2008)("The letter sent by HFS to Jacobson, though it demanded payment, adequately explained that the recipient had the right to seek verification of the debt. It presented Jacobson with two alternate ways of avoiding "further action": either pay the debt "within 30 days," or submit a notice of dispute, "within 30 days." This right to seek validation of the debt was further explained, not on the back of the demand letter, but on its face, below the initial statement, and in clear terms. In these circumstances, even the least sophisticated debtor would understand that she had the option to submit a notice of dispute, rather than pay the claimed sum. We therefore affirm the district court's decision to reject Jacobson's first argument."); *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 416 (7th Cir. 2005)("This validation period, however, is not a grace period: a debt collector is "perfectly free" to demand payment and pursue collection efforts, including an appropriate lawsuit against the debtor, within the validation period. Thus, during the validation period, the debtor's right to dispute coexists with the debt collector's right to collect").

of those Courts have directly contradicted the holding in *Chauncery* but, at a minimum, they have held that when the language of a demand letter does not specify a time period shorter than thirty days it does not violate §1692g.[17] Plaintiffs have not presented any authority supporting their statement that a demand for payment in the same period allowed for validation violates the FDCPA, TDCA, or DTPA nor has Defendant been able to find any.[18] For this reason also, Plaintiffs arguments are without merit and RMWBH's motion for summary judgment should be granted.[19]

### B.   The FDCPA, TDCA, and DTPA are inapplicable.

Even if Plaintiffs could establish the Letter sent by RMWBH violated any provisions of the FDCPA, TDCA, or DTPA, Plaintiffs' claims still fail as a matter of law because those statutes only apply to consumer debts.[20] Plaintiffs state in their petition that "[t]he obligation ("Debt") required Plaintiffs to pay money arising out of transactions in which, money, property, insurance or services were subject thereof, and the same were primarily for personal, family, or household purposes."[21] This statement is merely a rote recitation of the definition of "debt" under §1692a(5).[22] Plaintiffs present this contention as fact, but do not offer any actual basis or caselaw demonstrating how homeowners assessments are either an item or service intended for personal or family use.[23] Indeed, recent Texas Court of Appeals opinions have held

---

[17] *Id.*
[18] *See generally* Petition.
[19] Fed. R. Civ. P. 56.
[20] *See* 15 U.S.C.A. § 1692a (West). *See also* Tex. Fin. Code Ann. § 392.001; Tex. Prop. Code Ann. § 204.001; *Garcia v. Jenkins Babb, L.L.P.*, 569 Fed. Appx. 274, 276 (5th Cir. 2014).
[21] *See* Petition at pg. 2.
[22] *See* 15 U.S.C.A. § 1692a (West).
[23] *See generally* Petition.

that assessments, dues, fees, charges, interest, late fees, fines, collection costs, and attorney's fees assessed by a homeowners' association pursuant to declarations governing the association or state law do not "arise from a transaction" and thus do not constitute "consumer debt."[24] This is so because these obligations do not arise out of any transaction for money, property, insurance or services but rather exist independently as evidenced by the fact that a homeowner cannot waive payment of such assessments by forgoing use of the services, property, et cetera.[25] In this sense, the assessments are more akin to a tax, which numerous Circuit Courts have held do not constitute consumer debts.[26] For this reason also, Plaintiffs' claims are without merit and RMWBH is entitled to judgment as a matter of law.[27]

## IV.  SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.[28] The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

---

[24] *See Green v. Port of Call Homeowners Ass'n*, 03-18-00264-CV, 2018 WL 4100855, at *10 (Tex. App.—Austin Aug. 29, 2018, no pet.)
[25] *Id. See also Calogero v. Shows, Cali & Walsh, LLP,* 385 F. Supp. 3d 483, 490 (E.D. La. 2019).
[26] *See Beggs v. Rossi,* 145 F.3d 511, 512 (2d Cir. 1998)("However, as the district court observed, the tax is not levied upon the purchase or registration of the vehicle per se, but rather upon the ownership of the vehicle by the citizen. There is simply no "transaction" here of the kind contemplated by the statute.") *See also Staub v. Harris,* 626 F.2d 275, 278 (3d Cir. 1980)("Taxes are used for more general purposes; they are not limited to the statutory purposes. They provide funds for such nonpersonal purposes as prisons, roads, defense, courts and other governmental services."); *In re Westberry*, 215 F.3d 589, 591 (6th Cir. 2000)("consumer debt is incurred for personal or household purposes, as stated in the statute, while taxes are incurred for a public purpose.")
[27] Fed. R. Civ. P. 56.
[28] *Id.*

fact and the movant is entitled to judgment as a matter of law.[29] The court should state on the record the reasons for granting or denying the motion.[30]

## V.   SUMMARY JUDGMENT EVIDENCE

Defendant relies on the following Exhibits as summary judgment evidence and incorporates by reference such Exhibits into this Motion:

Exhibit A –   March 6, 2019 collection letter from RMWBH.

Exhibit B –   April 25, 2019 collection letter from RMWBH.

Exhibit C –   Declarations of Lakeridge Homeowners Association.

## VI.   PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant Roberts Markel Weinberg Butler Hailey PC respectfully requests the Court enter an order granting its Traditional Motion for Summary Judgment, and for such other and further relief to which it may show itself to be justly entitled.

---

[29] *Id.*
[30] *Id.*

Respectfully submitted,

R&#x00A0;OBERTS M&#x00A0;ARKEL W&#x00A0;EINBERG B&#x00A0;UTLER H&#x00A0;AILEY PC

*/s/ Frank O. Carroll III*
_____
GREGG S. WEINBERG
Texas State Bar No. 21084150
S.D. Texas Bar No. 6799
FRANK O. CARROLL III
Texas State Bar No. 24082785
S.D. Texas Bar No. 1671202
BEN E. HAMEL
Texas State Bar No. 24103198
S.D. Texas Bar No. 3184927
2800 Post Oak Blvd, 57th Floor
Houston, TX  77056
Telephone: (713) 840-1666
gweinberg@rmwbh.com
fcarroll@rmwbh.com
bhamel@rmwbh.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below through the court's ECF service system or as indicated below on the 30th day of March, 2020.

Jerry J. Jarzombek
The Law Office of Jerry Jarzombek, PLLC
301 Commerce Street, Suite 2900
Fort Worth, Texas 76102

_____
FRANK O. CARROLL III