THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN A. GIBSON AND MARY E. WENDT, § § § | |
| *Plaintiffs,* § § | CAUSE NO. 5:19-CV-00449-OLG |
| VS. § § | |
| ROBERTS MARKEL WEINBERG BUTLER HAILEY, P.C. § § § § | |
| *Defendant.* § | |

## **PLAINTIFFS' EXPEDITED MOTION TO STRIKE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs John A. Gibson and Mary E. Wendt, and file this Expedited Motion to Strike Defendant's Motion for Summary Judgment, Docket Entry 11, and in support show the following:

### **FACTS**

1. On July 30, 2019, the Court signed a Scheduling Order, Docket Entry 8. The Scheduling Order set a deadline of January 6, 2020 for dispositive motions.

2. Plaintiffs' counsel had shoulder replacement surgery on August 19, 2019; was the course director for the Advanced Consumer & Commercial Law CLE on September 5-6, 2019 in Austin, Texas; had his mother hospitalized on September 12, and she passed away on September 17, 2019. On September 20, 2019, Plaintiffs filed an Unopposed Motion to Extend the deadline to conduct ADR and file a report, Docket Entry 9. By Text Order on September 23, 2019, the Court granted an extension until November 20, 2019.

3.   On October 29, 2019, the parties exchanged emails regarding mediation. Plaintiff' counsel advised that this was "a $4,000 case," and attempted settlement.

4.   On November 2, 2019, Defendant stated that it preferred that mediation move forward; no offer was made.

5.   On November 13, 2019, a telephone conference was held with Ben Hamel, an attorney for Defendant. The purpose of the call was to explore settlement on a case with only $2,000 in statutory damages. Attorney's fees are by agreement or petition, and it seemed senseless to run up fees and expenses on a statutory damage case.

6.   On November 26, 2019, Plaintiffs' counsel sent an email to Ben Hamel, as there was no response to the settlement discussions of November 13, 2019.

7.   On December 10, 2019, Plaintiffs' counsel sent another email to Ben Hamel, asking where he parties were on resolution. He responded the next day, apologizing for the delay, and stating that the shareholders are still evaluating the case report.

8.   On February 5, 2019, Plaintiffs' counsel sent another email to Ben Hamel, advising of an upcoming surgery and a need to modify the scheduling order, again commenting on this being a case of $2,000 in statutory damages.

9.   On February 11 and 12, 2019, Plaintiffs' counsel had a 360-degree 4-level spinal fusion.

10.   On March 2, 2019, Jessica Urrutia, Courtroom Deputy for the Court, emailed the undersigned, Frank Carroll and Gregory Weinberg as to the status of the case. Plaintiffs' counsel responded that same day, providing a chronology of the events from November 13, December 10 and 11, 2019 and February 5, 2020, and copied Messers. Carroll and Weinberg. Jessica Urrutia stated that she would advise the Court as to the status as provided by Plaintiffs' counsel.

11. On March 30, 2020, Defendant's counsel filed Defendant's Motion for Summary Judgment, Docket Entry 11.

12. Defendant's Motion for Summary Judgment is filed after the January 6, 2020 deadline, and without leave of Court.

13. Defendant's Motion for Summary Judgment fails to authenticate any of the exhibits upon which it relies.

14. Defendant's Motion for Summary Judgment makes the erroneous argument that assessments of a homeowners' association are now a consumer debt, when the opposite has been determined in the Western District of Texas.[1]  Additionally, HOA fines are debts under the FDCPA, as "the term "debt" encompasses the homeowners' obligation to pay a fine pursuant to the governing documents. *Agrelo v. Affinity Mgmt. Servs., LLC,* 841 F.3d 944, 952 (11th Cir. 2016).

15. Plaintiffs' response to Defendant's motion would be due in fourteen days, or on April 13, 2020.

## ARGUMENTS & AUTHORITIES

16. Federal Rule of Civil Procedure 16(b) authorizes courts to control the progress of a case through a scheduling order and to enforce the deadlines of the scheduling order to preserve its "integrity and purpose." *Hodges v. United States,* 597 F.2d 1014, 1018 (5th Cir. 1979). A schedule may be modified only for good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4). This rule gives courts broad discretion including authorizing the exclusion of evidence as a sanction for a party's failure to comply with a scheduling order. *See Davis v. Duplantis,* 448 F.2d 918, 921 (5th Cir. 1971); FED. R. CIV. P. 16(f).

---

[1] *See, Gomez v. Niemann & Heyer, L.L.P.,* 1:16-CV-119 RP  (W.D. Tex. 2016).

Plaintiffs' Expedited Motion to Strike                                                                                                         Page 3

17. Rule 16(f) of the Federal Rules of Civil Procedure provides as follows:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
> (C) fails to obey a scheduling or other pretrial order.
>
> (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

18. Defendant has now acted in complete and utter disregard both for the Local Rules of the Western District of Texas as well as for the Court's Scheduling Order.

19. Defendant has failed to cooperate with informal attempts at resolution as contemplated by the Local Rules of the Western District of Texas.

20. Defendant has not sought permission for leave to file a dispositive motion more than two months after the deadline set in the Scheduling Order.

## CONCLUSION AND REQUEST FOR EXPEDITED RELIEF

21. Plaintiffs hereby respectfully request that this Court strike Defendant's Motion for Summary Judgment (Docket Number 11) as an improper end-run around the authority and orders of this Court. Plaintiffs further request an expedited determination of this matter. This expedited request is fully justified and will reduce the potential for additional unnecessary, time, energy, and money spent on addressing Defendant's Motion filed in violation of the Local Rules and the Court's Scheduling Order. In addition, Plaintiffs ask that this Court take whatever other action it deems necessary to ensure that future acts such as these undertaken by Defendant be abated and that their conduct be brought into compliance with the Local Rules and this Court's Orders.

Dated: Friday, April 3, 2020.

        Respectfully submitted,

        */s/ Jerry J. Jarzombek*
        Jerry J. Jarzombek
        Texas Bar Number 10589050
        THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
        301 Commerce Street, Suite 2900
        Fort Worth, Texas 76102
        Telephone: (817) 348-8325
        Facsimile: (817) 348-8328
        *jerryjj@airmail.net*

        Counsel for Plaintiffs

## CERTIFICATE OF CONFERENCE

Plaintiffs' counsel attempted a conference as contemplated by Local Rule CV-7(i), with Ben Hamel and Frank Carroll, III, and left messages for both as to their position on Plaintiffs' Expedited Motion to Strike Defendant's Motion for Summary Judgment, as it was filed outside the deadline for dispositive motions. Ben Hamel responded via email that the April 20, 2020 trial setting was cancelled and they do not believe there is any prejudicial effect from the filing of their Motion, and are therefore opposed to the motion to strike.

        */s/ Jerry J. Jarzombek*
        Jerry J. Jarzombek

## CERTIFICATE OF SERVICE

I certify that on Friday, April 03, 2020, I electronically filed the foregoing papers with the Clerk of the Court using the Court's electronic filing system which will send notification of such filing to the following:

Frank O. Carroll, III        *fcarroll@rmwbh.com*
Roberts Markel Weinberg
Butler Hailey, PC
2800 Post Oak Blvd., 57th floor
Houston, Texas 77056

        */s/ Jerry J. Jarzombek*
        Jerry J. Jarzombek